UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-00136-FDW
(5:10-cr-00055-FDW-1)

| | |
|---|---|
| MARC ASHLEY BARNES, )<br>)<br>   Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>   Respondent. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court upon Petitioner Marc Ashley Barnes's pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1), and motion for appointment of counsel (Doc. No. 3).

**I.     BACKGROUND**

On April 28, 2011, Barnes entered a straight-up guilty plea to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). Accept. & Entry of Plea, Doc. 17.[1] Subsequently, a probation officer prepared a presentence investigation report ("PSR") for sentencing purposes. PSR, Doc. No. 24. Applying the 2011 United States Sentencing Guidelines ("U.S.S.G.") Manual, the officer concluded that Barnes's total offense level was 33 based upon a cross-reference to the kidnapping guidelines, U.S.S.G. § 2A4.1, and a three-level reduction for acceptance of responsibility. PSR ¶¶ 17-28. The probation officer determined that Barnes's criminal record placed him in criminal history category IV. Id. at ¶¶ 40-42.

The officer next calculated a guidelines sentencing range of 188 months to 235 months

---

[1] Unless otherwise indicated, document citations that are not in parenthesis are from Barnes's underlying criminal case, and document citations in parenthesis are from the instant civil action.

imprisonment. Id. at ¶ 62. She also determined, however, that the statutory maximum term of imprisonment under 18 U.S.C. §§ 922(g)(1) and 924(a) was 10 years in prison. PSR ¶ 61. Because the statutorily authorized maximum sentence of 10 years was less than the minimum of the applicable guideline range (188 months), Barnes's guideline term of imprisonment became 120 months, see U.S.S.G. § 5G1.1(a). PSR ¶ 62.

The Court sentenced Barnes to 120 months in prison. J., Doc. No. 27. Judgment was affirmed on appeal. United States v. Barnes, 495 F. App'x 310, 2012 WL 4828375 (4th Cir. 2012) (unpublished).

On June 24, 2016, Barnes timely filed the instant Motion to Vacate, see § 2255(f)(3). He contends that he is entitled to resentencing based on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), which is retroactive to cases on collateral review, Welch v. United States, 136 S. Ct. 1257 (2016). (Mot. to Vacate, Doc. No. 1.)

## II.     STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Court, sentencing courts are directed to examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. If it plainly appears that the petitioner is not entitled to relief, the court must dismiss the motion. See id. After conducting its initial review, the Court finds that the claim presented in the Motion to Vacate can be resolved based on the record and governing case law.

## III.    DISCUSSION

In Johnson v. United States, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague under the Due Process Clause of the Fifth Amendment. 135 S. Ct. at 2557. The ACCA provides for a

mandatory minimum sentence of 15 years in prison for a defendant convicted of being a felon in possession of a firearm, 18 U.S.C. § 922(g), if the defendant has at least three prior convictions for serious drug offenses or violent felonies. See § 924(e)(1). "Violent felony" is defined in the ACCA as "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" § 924(e)(2)(B) (emphasis added).

The italicized closing words of § 924(e)(2)(B) constitute the ACCA's residual clause. Johnson, 135 S. Ct. at 2556. The Court left intact the remainder of the ACCA's "violent felony" definition, including the four enumerated offenses and the "force clause." Id. at 2563. Thus, a defendant who was subject under the ACCA to a mandatory minimum term in prison based on a prior conviction that satisfies only the residual clause of the ACCA's "violent felony" definition is entitled to relief from his sentence. Id.

Although Barnes was convicted of being a felon in possession of a firearm, in violation of § 922(g), he was not determined to be an armed career criminal under § 924(e)(2). PSR ¶¶ 18-28. Consequently, Barnes was not subject to a mandatory minimum sentence under the ACCA, see PSR ¶¶ 61-62; J. 2, Doc. No. 27, and the holding in Johnson does not apply to his judgment.[2]

### IV. CONCLUSION

Barnes is not entitled to relief under Johnson, because his sentence was not enhanced under the Armed Career Criminal Act, 28 U.S.C. § 924(e)(2). Accordingly, his Motion to Vacate shall be dismissed, and his motion for appointment of counsel shall be denied.

---

[2] Any assertion by Barnes that the holding in Johnson extends to the advisory Sentencing Guidelines is foreclosed by the Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886 (2017). In Beckles, the Court held that the advisory Guidelines are not subject to a vagueness challenge under the Due Process Clause. Id. at 892.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence (Doc. No. 1) is **DISMISSED**;

2. Petitioner's motion for appointment of counsel (Doc. No. 3) is **DENIED**; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: September 14,

Frank D. Whitney
Chief United States District Judge